IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROY D. HENSLEY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-123 |
| | § | |
| BRAD LIVINGSTON, ET AL. | § | |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendants Brad Livingston, Madeline Ortiz, Leonard Lee, Warden Richard Trinci, Chaplain Robert Lehigh and Bill Pierce. The Motion seeks the complete dismissal of the complaint of Plaintiff, Roy D. Hensley, pursuant to Rule 12(b)(1), 12(b)(4) and 12(b)(6). The Court, having reviewed the complaint and considered the Motion and the parties' submissions now issues this Opinion and Order

The facts relevant to the disposition of the instant Motion can be briefly summarized. Hensley, a licensed Baptist minister, served as a Volunteer Chaplain's Assistant with the Texas Department of Criminal Justice for over 11 years. In that capacity he taught religious classes and ministered to prison inmates. Toward the end of his service as a volunteer Hensley was subjected to some disciplinary actions, including the requirement that he complete a "refresher training session for TDCJ volunteers." Ultimately, an internal investigation determined that Hensley had "become *so close* and intimate in (his) religious pursuits, opinions, and beliefs with some of the offenders" that he had "produced antagonistic, aggressive, one-sided grievances against ecumenical religious activities from (his) students, plus a confirmed death threat to an employee on the Unit." The investigation resulted in Hensley's permanent termination from the Volunteer Chaplain's Assistant Program on April 14, 2005. The termination was ordered without Hensley

being afforded a pre- or post-termination hearing; moreover, Hensley was told that there was no "need to appeal this issue."[1] After Hensley's attempts to gain reinstatement were ignored, he filed this action alleging that the Defendants, either directly or in their supervisory capacities, violated 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and violated his constitutional rights to due process. The Defendants, all prison officials, have now moved to dismiss his complaint.

The Defendants argue that Hensley cannot bring a cause of action under RLUIPA. This Court agrees. Title 42 U.S.C. § 2000cc-1 provides, in pertinent part, that "No Government shall impose a substantial burden on the religious exercise of *a person residing in or confined to an institution.*" (emphasis added)    When a statute is clear and unambiguous the Court must apply the plain and common meaning to the words and terms used; the Court should not strain to manufacture a modification of the statutory language to achieve a result obviously not intended by Congress. Lovick v. Ritemoney Ltd., 378 F.3d 433, 443 (5th Cir. 2004)    From the language used by Congress, it is quite clear that RLUIPA was enacted to protect "institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005)    Since Hensley is not confined to an institution, he is not, in the opinion of this Court, a beneficiary of the statute. The Court gains confidence in this opinion by the fact that the United States Supreme Court in Cutter characterized suits brought under RLUIPA

---

[1] The facts quoted by the Court appear in a copy of a letter attached to Hensley's response to the Motion to Dismiss. Normally, the Court may not consider documents which are not attached to the complaint while ruling on a Motion to Dismiss. However, if the complaint refers to the document, the document is central to the Plaintiff's case and no party questions its authenticity the Court may consider it without the need of converting the Motion to Dismiss to a Motion for Summary Judgment. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)

as a form of "prisoner litigation," Id. 726, subject, by its own terms, § 2000cc-2(e), to the mandates of the Prison Litigation Reform Act. Id. 723 n.12   Hensley's claim is simply not cognizable under RLUIPA.

This Court is also of the opinion that even if Baptist inmates were to file a complaint alleging that the termination of Hensley as a Volunteer Chaplain's Assistant violated RLUIPA, it is doubtful that Hensley's reinstatement could result.  The maintenance of a Volunteer Prison Chaplain's Assistant position is simply an accommodation by prison officials which helps permit inmates to exercise their religion.  Such an accommodation, however, cannot override the prison's need to maintain order and safety.  Cutter, 544 U.S. at 722   Courts must give deference to the experience and expertise of prison administrators in establishing the regulations and procedures needed to maintain order, security and discipline within the prison environment.  Id. 723 Consequently, even if a Volunteer Chaplain's Assistant were shown to be a necessary accommodation under RLUIPA, which this Court seriously doubts, Cf. Adkins v. Kaspar, 393 F.3d 559, 564-65 (5th Cir. 2004) [2], the prison officials had the authority to terminate Hensley's privileges, rightly or wrongly, because they perceived him to be detrimental to the security of the prison unit at which he served.

Hensley's § 1983 claims fail because Hensley cannot demonstrate an entitlement to due process.  In order to recover under the Due Process Clause of the Fourteenth Amendment, Hensley must demonstrate that he was deprived of a property or liberty interest and that he was not afforded adequate procedural due process protection prior to or following that deprivation.

---

[2] In Adkins, the Court held that when inmates are denied the right to assemble for religious services in the absence of a Ceritified Volunteer Chaplain, adequate "alternative means" of expressing their religion would satisfy RLUIPA.

Kelleher v. Flawn, 761 F.2d 1079, 1086 (5th Cri. 1985)    Unfortunately, for Hensley, he presupposes the existence of protectable interests that he does not possess.  Hensley was a volunteer, not an employee of the prison system.  As a volunteer he was permitted to enter prison units, but he acquired no right to continue to do so.  Indeed, Hensley had no more than a unilateral desire for the continuation of his volunteer chaplaincy.  Consequently, Hensley had no property interest in his volunteer chaplaincy which could support any claim for a pre-deprivation hearing. Board of Regents v. Roth, 408 U.S. 564, 578 (1972)    Hensley's volunteer status also negates any claim to a protected liberty interest.  To be sure, when a state employer's adverse employment decision challenges the employee's good name, reputation, honor or integrity notice and an opportunity to be heard are essential, Id. 573, and the employee is entitled to an opportunity to clear his name.  However, reputation alone, apart from some more tangible interests such as employment, is neither "liberty" nor "property" sufficient to invoke the procedural protections of the Due Process Clause.  Paul v. Davis, 424 U.S. 693, 701 (1976)    Rather, to prevail on such a claim Hensley must show:  1) that he was discharged; 2) that stigmatizing charges were made against him in connection with the discharge; 3) that the charges were false; 4) that he was not provided notice or an opportunity to be heard prior to his discharge; 5) that the charges were made public; 6) that he requested a hearing to clear his name; and 7) that the employer refused his request for a hearing.  Hughes v. City of Garland, 204 F.3d 223, 226 (5th Cir. 2000)    Even if the Court were to concede the existence of the other elements, Hensley cannot establish the first: he was not discharged from state employment and, as a result, he was not entitled to a post-deprivation hearing.  Absent an adverse employment action, the Due Process Clause did not apply to Hensley and his § 1983 claims must be dismissed.

In summary, it appears to this Court that Hensley's status as a Volunteer Chaplain's Assistant precludes him from proving any set of facts in support of his claims that would entitle him to relief and, therefore, dismissal of his complaint is appropriate.

In recommending the dismissal of Hensley's due process claims the Court is not suggesting that Hensley could not assert viable claims for libel or slander. Those claims, however, would be purely state law claims which should be filed, if at all, in the appropriate state court.

For all of the foregoing reasons, it is the **ORDER** of this Court that the Defendants' Motion to Dismiss (Instrument no. 14) is **GRANTED** and that the complaint of Plaintiff, Roy D. Hensley, is **DISMISSED in its entirety**.

**DONE** at Galveston, Texas, this _____19th_____ day of December, 2007.

_____
John R. Froeschner
United States Magistrate Judge